UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.
3:07cv26-j

GLENDA M. WILLIAMS                                                                                       PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                     DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Glenda Williams ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On April 25, 2003, Claimant filed applications for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of January 4, 2002. After a hearing, Administrative Law Judge Pickett ("ALJ") determined that claimant's chronic low back and hip pain and right foot and ankle pain were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for a significant number of sedentary jobs. This became the final decision of the Defendant when the Appeals Council denied review on November 17, 2006.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to find her mental impairment "severe." The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is irrelevant, so long as the actual impact of that impairment is considered as part of the whole.

Thus, to the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, she is incorrect. In Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

The relevant question is whether the effects of Ms. Williams' mental impairment were considered in the process of determining residual functional capacity. Plaintiff points to evidence

of dysthymia and personality disorder. Based on her symptomatology, in March and April of 2005, Psychotherapist Dr. O'Connor assigned a current Global Assessment of Functioning (GAF) score of 46 (highest 52).[1] Tr. 268, 269. She had been prescribed Lexapro in 2003, but no such antidepressant appears in the list of medications recorded by Dr. O'Connor. Tr. 148, 269. In March of 2005, Dr. Wilson prescribed Lexapro again, diagnosing anxiety on the basis of her complaints of fatigue and sleep disturbance. Tr. 283. By the time of the hearing, Ms. Williams was taking Lexapro and Cymbalta. Tr. 340-341.

The ALJ noted the records of both Dr. Wilson and Dr. O'Connor. He noted the testimony of the plaintiff regarding her medication. He also noted that plaintiff had seen Dr. O'Connor only twice and had not returned although further psychotherapy had been recommended. Notwithstanding the dearth of ongoing treatment, and notwithstanding the fact that Dr. O'Connor's records indicated only moderate limitations of functioning, the ALJ held "[C]onsidering her treatment history and giving her the benefit of the doubt," she should be limited to simple, routine, repetitive work, in which deficiencies of concentration, etc. would not interfere with completion of tasks in a timely manner. Tr. 24.

Accordingly, it is apparent that the ALJ did properly consider the effects of Ms. Williams

---

[1] According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), Axis V's "Global Assessment of Functioning" scale considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." DSM-IV at 32. The range 41-50 is described as appropriate for "Serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." The range of 51-60 is described as appropriate for "Moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)."

mood disorder. Furthermore, contrary to plaintiff's suggestion, it is apparent that he considered the treatment records of both Dr. O'Connor and Dr. Wilson. The Court perceives no error, and substantial evidence supports the decision of the Commissioner.

An order in conformity has this day entered.